Filed 8/7/23  P. v. Lopez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081618 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FSB804305) |
| CARLOS LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, Harold T. Wilson, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Carlos Lopez shot Bobby B. twice in the back, killing him, and shot Byron G. in his arm and back.  In 2014, a jury convicted him of first degree murder (Pen. Code,[1] § 187, subd. (a); count 1) and attempted murder (§§ 664, 187, subd. (a); count 2).  The jury also found true allegations that Lopez personally used a firearm (§ 12022.53, subd. (b)), personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53,

---

[1]     Undesignated statutory references are to the Penal Code.

subds. (c), (d)), and that he committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). The court sentenced Lopez to a total indeterminate sentence of 90 years to life. This court affirmed the convictions, but remanded the matter to the trial court to resolve a discovery issue. (*People v. Lopez*, (March 30, 2016, D069279) [nonpub. opn.].) We later affirmed the trial court's ruling that there was no discovery violation and affirmed the judgment of the superior court. (*People v. Lopez*, (Dec. 7, 2017, D072508) [nonpub. opn.].)

In 2022, Lopez petitioned for resentencing under section 1172.6 (former section 1170.95). His supporting declaration consisted of a preprinted form where he checked boxes that stated (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial at which he could have been convicted of murder or attempted murder; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

The trial court held a hearing where Lopez's counsel requested the court make a prima facie finding on the petition. The court denied the petition based on Lopez's failure to make a prima facie case for relief. (§ 1172.6, subd. (c).) It noted that it had reviewed the record of conviction and did not engage in fact finding, weighing evidence, or determining credibility. After examining the record of conviction, the court found:

"[T]he defendant was the actual shooter in this case; that the jury was not instructed on the theory of felony murder or the natural or probable consequence doctrine. Jury was only instructed as to CALCRIM 520 and 521 with respect to the murder, and 600 and 601 with respect to the attempted murder. So with that, find that the defendant was the actual shooter and killer, so the prima facie showing has not been shown. Petition is denied."

Lopez appealed and we appointed counsel to represent him. Counsel filed an opening brief asking that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and identifying as a possible issue whether the trial court erred in denying the petition for resentencing. We invited Lopez to submit a supplemental brief, which he did. As we understand his arguments, Lopez contends that: (1) the jury instructions for his first trial, which ended with a hung jury, affect his petition for resentencing; (2) under *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), the court erred when it found he had not made a prima facie showing; and (3) he is entitled to resentencing under Assembly Bill 333 and Senate Bill 81.[2] We conclude the record shows that Lopez is not entitled to relief under section 1172.6 and accordingly affirm the trial court's order denying the petition for resentencing.

---

[2] Because this appeal is from an order denying postconviction relief rather than a first appeal as of right from a criminal conviction, Lopez is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *People v. Anders* (1967) 386 U.S. 738. (*Delgadillo, supra*, 14 Cal.5th at pp. 221–222, 230; see People v. Kelly (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right].) However, he is entitled to our consideration of any contentions raised in his supplemental brief. (*Delgadillo, supra*, at p. 232.)

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 significantly limited the scope of the felony-murder rule and eliminated liability for murder under the natural and probable consequences doctrine through two key provisions. (Stats. 2018, ch. 1015, § 1, subd. (f).) In particular, this legislation "limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citations.] Penal Code section 189, as amended, now limits liability under a felony-murder theory principally to 'actual killer[s]' (Pen. Code, § 189, subd. (e)(1)) and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' (*id.*, subd. (e)(2)). Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2' — that is, the statute defining the felony-murder special circumstance. (*Id.*, § 189, subd. (e)(3).)" (*Strong, supra,* 13 Cal.5th at pp. 707–708.)

The prima facie inquiry under section 1172.6 subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) The court may review the record of conviction to determine whether the defendant has stated a prima facie case for relief, but it "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972 & fn. 6.).)

In reviewing the record of conviction, the trial court may examine, among other items, the charging document (*People v. White* (2014) 223 Cal.App.4th 512, 524-525), jury instructions (*People v. Offley* (2020) 48 Cal.App.5th 588, 599), verdict forms (*People v. Ervin* (2021) 72 Cal.App.5th 90, 106), and (to a limited extent) a prior appellate opinion (*Lewis*, *supra*, at p. 972). A trial court's decision to deny a resentencing petition at the prima facie stage "is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo." (*Ervin, supra,* at p. 101.)

The record of conviction here shows Lopez is the only person charged in the case. The jury convicted him of murder and attempted murder, finding true additional allegations involving the personal use and discharge of a firearm. The court did not give any jury instructions on principals, aiders and abettors, felony murder, natural and probable consequences, conspiracy, target and nontarget offenses, or any other theories of imputed malice. On count 1, the court instructed on first and second degree murder–that Lopez unlawfully caused the death of another person with malice aforethought. (CALCRIM Nos. 520, 521.) The record of conviction establishes that the jury convicted Lopez for murder as the actual killer who acted with an intent to kill rather than on any type of imputed malice theory. (See *People v. Garcia* (2022) 82 Cal.App.5th 956, 973 [where record of conviction "unequivocally establishes that defendant was the 'actual killer,' " defendant is not entitled to relief under section 1172.6 as a matter of law].)

On count 2, the court instructed that Lopez was guilty of attempted murder if he took a direct but ineffective step toward killing another person with the intent to kill. (CALCRIM No. 600.) Under the plain language of section 1172.6, a person convicted of attempted murder is eligible for relief

only if that conviction was based on the natural and probable consequences doctrine. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) The jurors in this case were not instructed on that doctrine. Rather, they were given CALCRIM No. 600, which advised them that an attempted murder conviction required a finding that "the defendants intended to kill [the victim]." Lopez is not entitled to relief under section 1172.6 as a matter of law.

Lopez suggests that the jury instructions for his first trial, which ended in a hung jury, might be germane to his petition for resentencing and asks that we review them. But the only question before us is whether Lopez's *conviction* may have been based on a theory that is no longer viable. Instructions that did not lead to his conviction are not relevant. He also contends that under *Strong, supra*, 13 Cal.5th 698, the court erred when it found he had not made a prima facie showing. But as we noted above, our high court in *Strong* summarized the changes in the law created by Senate Bill No. 1437 and those changes do not entitle Lopez to relief as a matter of law because he was the actual killer. (*Strong, supra*, at p. 710 ["Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, . . . .' "].)

Finally, Lopez maintains he is entitled to resentencing under Assembly Bill No. 333 and Senate Bill No. 81. Assembly Bill 333's amendments to section 186.22 apply retroactively to defendants whose convictions are not yet final. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206–1207.) Here, Lopez's conviction was final before he filed his petition for relief in 2022 and the trial court did not vacate his sentence at the section 1172.6 hearing. (See *People v. Guillory* (2022) 82 Cal.App.5th 326 ["[O]rder to show cause under section 1172.6 does not vacate the petitioner's sentence but sets in motion

6

proceedings to determine whether the petitioner is entitled to vacatur and resentencing."].) Thus, he is not eligible for relief under Assembly Bill No. 333.[3] Senate Bill No. 81's amendments to section 1385 expressly apply to "all *sentencings* occurring after January 1, 2022." (§ 1385, subd. (c)(7), italics added.) Here, Lopez's sentence was imposed prior to the effective date of Senate Bill No. 81 and he is not entitled to resentencing.

DISPOSITION

The order denying defendant's Penal Code section 1172.6 petition is affirmed.

DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.



RUBIN, J.

---

[3] In any event, although the jury found true the section 186.22 allegations connected to counts 1 and 2, the court struck these allegations at the sentencing hearing.

7